IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Arunava Das, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REGARDING CONFIDENTIALITY OF** |
| vs. | ) | **DOCUMENTS** |
| | ) | **and** |
| St. Joseph's Hospital of Dickinson, a North Dakota Nonprofit Corporation, Amy Oksa, M.D., and Johnny Perez, M.D., | ) ) ) | **AMENDING THE SCHEDULING/DISCOVERY PLAN** |
| | ) | |
| | ) | **Case No. 1:07-cv-003** |
| Defendants. | ) | |

PURSUANT TO THE STIPULATION OF THE PARTIES, IT IS HEREBY ORDERED:

**REGARDING CONFIDENTIALITY OF DOCUMENTS**

a. That the medical records of patients treated by Dr. Das who were the subject of peer review of medical staff privileges of Dr. Das , peer review or investigation leading to the peer reviews, or the medical records of patients of any other physician which were reviewed for comparative purposes be required to be redacted to delete specific identifying information including name (which shall be replaced by the initials of the first and last names of the patient), date of birth and social security number;

b. That any reference to a patient described in paragraph "a" that is contained in other materials (as hereafter described) be redacted to delete any and all identifying information including name (to be replaced by initials as set forth above), date of birth and social security number;

c. That no information disclosed in this litigation including:

- The medical records referred to in paragraph "a";

1

- Information gathered during peer review after Dr. Das was granted medical staff privileges, peer review or investigation leading to the peer review;
- All peer review testimony, compilations or records relating thereto;
- Any other documents or records of any description disclosed by any party to this litigation; and
- Information reasonably claimed by the parties to be privileged or confidential pursuant to HCQIA and HIPAA and Chpts. 23 and 24 N.D.C.C and the previous agreements of the parties, except letters and communications addressed directly between St. Joseph's Hospital administration, Chief of Staff or Chief of Surgery and Dr. Das.

(cumulatively called "materials") be permitted to be disseminated beyond the parties to this litigation, their attorneys and the employees or agents of the attorneys, except as may be reasonably necessary to prepare for this litigation, including disclosure of materials to any expert consultant retained in connection with this litigation;

  d. That any person not an employee or agent of the attorneys of the parties hereto be required to agree to be subject to the Court's order with respect to the materials before being provided them;

  e. That the materials be restricted for use in this litigation only and for no other purpose;

  f. That all parties be required to keep a record of the materials produced herein. At the conclusion of this litigation, all materials and all copies of charts of patients pertaining to peer review be returned to the custody of St. Joseph's Hospital;

  g. That all materials produced shall be Bates stamped and recorded as subject to a protective order of the Court; and

  h. That if any materials must be filed with the Court for any reason, whether for exhibits, or otherwise, that this be done under seal of the Court.

**REGARDING THE SCHEDULING/DISCOVERY PLAN**

1. That item numbered 3 of the Scheduling/Discovery Plan approved by the court on June 1, 2007 be amended to read: "The parties shall have until July 31, 2008 to complete fact discovery and to file discovery motions."

2. That item numbered 10 of the Scheduling/Discovery Plan approved by the court on June 1, 2007 be amended to read: "The parties shall have until July 31, 2008 to file other dispositive motions (summary judgment as to all of part of the case)."

Dated this 22nd day of February, 2008.

BY THE COURT:

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr.
United States Magistrate Judge